# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1119 | **DATE** | March 4, 2013 |
| **CASE TITLE** | Joseph L Bobbitt (#2012-1027002) vs. Chicago Police Department, er al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's *in forma pauperis* ("IFP") application [3] is granted. The trust fund officer at Plaintiff's place of confinement is directed to make deductions from Plaintiff's jail trust fund account in accordance with this order. The complaint is dismissed without prejudice to Plaintiff submitting an amended complaint that names proper Defendants and that clearly indicates what claims he seeks to assert. Plaintiff is given 30 days from the date of this order to submit an amended complaint in accordance with this order. If the Court receives no pleadings from Plaintiff in accordance with this order within 30 days, this case will be summarily dismissed. Plaintiff's motion for the appointment of counsel [4] is denied without prejudice.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

    Plaintiff Joseph Bobbit, currently confined at Cook County Jail, has filed this civil rights action pursuant to 42 U.S.C. § 1983 against the Chicago Police Department and four unknown officers referred to as John Doe 1-4. Plaintiff states that, on July 1, 2012, he was arrested, handcuffed, and placed in the back of a police car even though he had committed no offense. With Plaintiff in the back seat, police proceeded on a chase of another person who was running. Plaintiff indicates that he was injured during the chase. When the car stopped, Plaintiff was told to get out of the car, at which time the handcuffs were removed.

    Plaintiff seeks leave to proceed *in forma pauperis* ("IFP"). His application reveals that he is unable to prepay the $10.00 filing fee or an initial partial filing fee. The trust fund officer at Plaintiff's place of confinement is authorized to collect monthly payments from Plaintiff's trust account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee, and trust fund officers at Cook County Jail shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.

    The court has conducted its preliminary review of Plaintiff's complaint. 28 U.S.C. § 1915A. The complaint cannot proceed as currently drafted. The Chicago Police Department is a not an entity separate from the City and is not itself a suable party that can be named as a Defendant. *See Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997). Plaintiff appears to want to sue the individual officers, whose names are unknown. To do so, Plaintiff should name a supervisory official, such as the Chicago Police Superintendent, who may be able to identify and provide the names of the officers. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). A complaint must name at least one suable party who can be served. Once an attorney enters an appearance for the named Defendant, Plaintiff may then conduct discovery to learn the identities of the unknown officers.

| STATEMENT |
|---|

Additionally, the complaint does not indicate what claims Plaintiff seeks to assert. A complaint must provide Defendants with notice of the claims being asserted against them and the grounds upon which the claims are based. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff provides sufficient details about the July 1, 2012, incident, but he does not indicate whether he seeks sue the officers for false arrest, deliberate indifference to his safety, or some other claim. The complaint should indicate which claims he seeks to bring.

Accordingly, the complaint is dismissed without prejudice to Plaintiff submitting an amended complaint that either refers to the officers by name or names a supervisory official who may be able to identify them, as well as specify what claims Plaintiff seeks to assert. Plaintiff is given 30 days to submit such a complaint. If the Court receives no pleadings within 30 days of this order, this case will be summarily dismissed.

Plaintiff is advised that an amended complaint replaces previously filed complaints and must stand complete on its own. The Court will refer only to the amended complaint when determining the claims and parties to this case. Additionally, Plaintiff must submit a judge's copy and a service copy for each named Defendant. Additional copies may be requested if needed.

Plaintiff's motion for the appointment of counsel is denied without prejudice. Neither the issues nor the discovery of this case are complex, and Plaintiff appears competent to represent himself at this stage of the proceedings. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir.2010); *Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).