Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1119 | **DATE** | April 16, 2013 |
| **CASE TITLE** | Joseph L Bobbitt (#2012-1027002) vs. Chicago Police Department, er al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to file an amended complaint [#6] is granted. The clerk shall issue summons for service of the amended complaint [#7] on Chicago Police Superintendent Garry McCarthy. Service on the unknown officers cannot be made until their identities are known. Plaintiff's motion for representation by counsel [#8] is denied without prejudice. The clerk shall forward to Plaintiff a Magistrate Judge Consent Form and instructions for filing documents in this court.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

    Plaintiff Joseph Bobbit, currently confined at Cook County Jail, has filed an amended civil rights action pursuant to 42 U.S.C. § 1983 against Chicago Police Superintendent Garry McCarthy and four unknown police officers referred to as John Does 1-3 and Jane Doe. Plaintiff states that, on July 1, 2012, he was arrested for no reason, handcuffed, and placed in the back of a police car. With Plaintiff cuffed in the back seat, Officers John Does 1 and 2 proceeded on a chase of another person. Plaintiff alleges that he was injured during the chase and/or when the police car crashed into a house at 2726 W. Jackson Ave. The officers then uncuffed Plaintiff and told him to forget about the incident. Plaintiff states he sought treatment for injuries at an emergency room. Officers Jane Doe and John Doe 3 investigated the incident but allegedly refused to find against John Does 1 and 2.

    The court has conducted its preliminary review of Plaintiff's complaint. 28 U.S.C. § 1915A. Plaintiff states colorable claims against John Does 1 and 2, but not the other unknown officers. *See Bentz v. City of Kendallville*, 577 F.3d 776, 779 (7th Cir. 2009) (stating elements of false arrest); *Sides v. City of Champaign*, 496 F.3d 820, 828 (7th Cir. 2007) (addressing claim of deliberate indifference at time of arrest). The amended complaint may thus proceed against Superintendent McCarthy in order to identify and name the officers.

    Once an attorney enters an appearance for McCarthy, Plaintiff must conduct discovery by forwarding to the attorney written questions or requests for documents to learn the names of the John Doe 1 and 2 officers. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). Upon learning their names, Plaintiff should either submit another amended complaint naming all of the Defendants or file a motion to substitute the actual names in place of the John Does 1 and 2 listed in the amended complaint. Plaintiff's failure to attempt to learn their names within 90 days after an attorney enters an appearance for McCarthy may result in the Court dismissing them as Defendants. Plaintiff is further advised that the limitations period for § 1983 claims of a constitutional violation in Illinois is two years, while state-law claims against employees of local governmental entities is one year. *Williams v. Lampe,* 399 F.3d 867, 870 (7th Cir. 2005); *see also Delgado-Brunet v. Clark*, 93 F.3d 339, 344 (7th Cir. 1996) (substituting actual name for a John Doe defendant does not relate back to the date of filing the complaint).

| STATEMENT |
|---|

    The clerk is directed to issue summons for service of the complaint on Chicago Police Superintendent Garry McCarthy. The United States Marshals Service is appointed to serve this Defendant If any service forms are necessary for the Marshal to accomplish service, the Marshal shall send Plaintiff such forms. Plaintiff's failure to return those forms may result in the dismissal of any unserved Defendant. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to any former employee no longer at the work address provided by plaintiff, Chicago police officials shall furnish the Marshal with the defendant's last known address. The information shall be used only for purposes of effectuating service, or to show proof of service should a dispute arise, and shall neither be kept in the court's file nor released by the Marshal. The Marshal is authorized to mail a request for waiver of service to each defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2). If a waiver of service is not obtained, the Marshal shall then attempt personal service.

    Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the prisoner correspondent. In addition, Plaintiff must send an exact copy of any filing to Defendants or, if represented by counsel, to counsel for Defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.

    Plaintiff's motion for representation by counsel is denied without prejudice. Neither the issues nor the discovery of this case are complex, and Plaintiff appears competent to represent himself at this stage of the proceedings. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir.2010); *Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).